IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRENT A. ROWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-2432-JDT-dkv |
| ) | |
| MEMPHIS AREA TRANSIT AUTHORITY; ) | |
| UNKNOWN BUS DRIVER AT MEMPHIS AREA ) | |
| TRANSIT AUTHORITY; and ) | |
| NON-DISABLED PASSENGERS, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION OF *SUA SPONTE* DISMISSAL

On June 14, 2013, the plaintiff, Brent A. Rowan ("Rowan"), a resident of Shelby County, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, (*Pro Se* Compl., D.E. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*. (D.E. 2.) On August 19, 2013, the court issued an order granting Rowan leave to proceed *in forma pauperis*. (D.E. 4.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

On June 14, 2013, Rowan filed a complaint in which he alleges a violation of civil rights under 42 U.S.C. § 1983 and

names the following defendants: (1) "Memphis Area Transit Authority, et al." ("MATA"), (2) Unknown "Bus Driver at Mata — Memphis Area Transit Authority," and (3) "[n]on–[d]isabled [p]assengers." (*Pro Se* Compl., D.E. 1.) This is one of five complaints filed in 2013.[1] In the instant complaint, Rowan alleges the following:

> On June 6, 2013 at 5:12 P.M., I purchased a MATA bus pass with my photo I.D. card given to me by my case manager. I rode the #50 Poplar to Burger King. Before I got off the bus, I was entrapped by a group of people that were trying to get off the bus. A black female in the group dropped her suitcase on the bus. She placed the suitcase in front of me. I almost lost my balance. The bus driver did not ask the group to yield until I exit the bus.

(*Id.* ¶ IV.) Additionally, the prayer for relief asks:

> I need the court to determine whether or not the MATA bus driver followed safety rules for passengers with disabilities. Also, I need the court to determine whether or not the bus driver failed to follow policies prescribed by the Americans with Disabilities Act. If so, I am seeking punitive damages.

(*Id.* ¶ V.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

---

[1] The other suits filed in 2013 are: *Rowan v. Central Library*, No. 13-02637-JDT-cgc (W.D. Tenn. filed Aug. 15, 2013); *Rowan v. UT Memphis*, No. 13-02626-JDT-cgc (W.D. Tenn. filed Aug. 13, 2013); *Rowan v. Memphis Bonding Co.*, No. 13-02549-JDT-cgc (W.D. Tenn. filed July 19, 2013); and *Rowan v. Trinity Cmty. Coalition Outreach, Inc. et al.*, No. 13-02431-JDT-cgc (W.D. Tenn. filed June 14, 2013). He also filed fifteen lawsuits in 2012.

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summons to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.

2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."(internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for

4

her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Claim Against MATA

To state a claim under 42 U.S.C. § 1983,[2] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S. H.*

---
[2] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

5

*Kress & Co.*, 398 U.S. 144, 150 (1970). MATA "operates public transportation services for the City of Memphis," MATA 2011 Ann. Report at 1,[3] and the Court will assume, for purposes of this report and recommendation, that it is subject to suit under § 1983 as a local government entity.

The complaint does not assert a valid claim against MATA. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff's complaint fails on both issues.

Rowan has sued MATA, along with the bus driver who has allegedly violated his rights. A local government "cannot be held *solely* liable because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978)(emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a

---

[3] The 2001 Annual report is available at http://www.matatransit.com/aboutus/insidemata/annual-reports/.

municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)(citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Id.* at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "'must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983.'" *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. at 326) (internal quotation marks omitted). "[T]he touchstone of 'official policy' is designed to distinguish acts of the municipality from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *see Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar 30, 2007); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Corr. Med. Servs., Inc*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008)(denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). In this instance, the complaint does not allege that Rowan suffered any injury because of an unconstitutional policy or custom of MATA. In fact, Rowan has not alleged or shown any unconstitutional policy in his complaint. Moreover, Rowan has not alleged he was disabled, and therefore, has suffered no constitutional injury under the Americans with Disabilities Act. Accordingly, the court recommends that Rowan's claim be dismissed as against this defendant.

D. <u>Claims Against Bus Driver and Non-Disabled Passengers</u>

Apart from listing the non-disabled passengers and the bus driver as defendants, the complaint makes no claims or factual allegations against these parties. There are no facts from which to infer the involvement of these parties in Rowan's violation of civil rights claim. Therefore, the court recommends that Rowan's claim be dismissed against these defendants.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

Respectfully submitted this 1st day of October, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.