IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRENT A.ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2432-JDT-dkv |
| | ) | |
| MEMPHIS AREA TRANSIT | ) | |
| AUTHORITY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Brent A. Rowan, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on June 14, 2013, and a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) United States Magistrate Judge Charmiane G. Claxton subsequently issued an order granting leave to proceed *in forma pauperis*. (D.E. 4.)[1] On October 1, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 6.)

Plaintiff alleges that on June 6, 2013, he was attempting to exit a Memphis Area Transit Authority bus when his progress was impeded by a group of fellow passengers who were also exiting the bus. He contends he almost lost his balance and that the bus driver failed to ask the

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

group of passengers to yield to him.  He appears to assert claims under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, and/or 42 U.S.C. § 1983.

Magistrate Judge Claxton has recommended the complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.  Having reviewed the complaint and the law, the Court agrees with that recommendation.  The issuance of a more detailed written opinion is unnecessary.  Therefore, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and hereby DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."  If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  Id.  It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir.

1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.